# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40678

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2016

Lyle W. Cayce
Clerk

JEREMY A. DEAN,

Plaintiff-Appellant

v.

DAWN MERCHANT, Warden, Correctional Institutions Division Barry B. Telford Unit; JEFFERY CALFEE, Assistant Warden, Correctional Institutions Division Barry B. Telford Unit; FREDERICK GOODEN, Captain, Correctional Institutions Division Barry B. Telford Unit; MICHAEL PRESSNELLS, Lieutenant, Correctional Institutions Division Barry B. Telford Unit; ANTHONY L. GULLEY, Sergeant, Correctional Institutions Division Barry B. Telford Unit; JIMMY WOOLERY; RAMEY PHILLIP,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-44

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeremy A. Dean, Texas prisoner # 854427, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal of the district court's judgment dismissing his 42 U.S.C. § 1983 action. Dean filed the action

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaining of alleged violations of his constitutional rights by employees of the Texas Department of Criminal Justice. Specficially, Dean alleged claims of excessive force, retaliation, the denial of "basic human needs," and that he was the victim of a false disciplinary case. The district court dismissed Dean's § 1983 action in part as frivolous and for failure to state a claim upon which relief may be granted. The district court also granted the defendants' motion for summary judgment on the basis of Dean's failure to exhaust his administrative remedies.

In denying leave to appeal IFP, a district court may "incorporate by reference its decision dismissing the prisoner's complaint on the merits with or without supplementation," which is the procedure used in this case. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). By moving to proceed IFP, Dean is challenging the district court's certification that his appeal is not taken in good faith. *See id.* at 202. Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). By failing to address the district court's reasons for dismissing his § 1983 complaint or providing any other reason why the district court's certification is erroneous, Dean has abandoned any challenge he might have raised regarding the district court's decision. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Dean's appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 219-20. His IFP motion is therefore denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Additionally, Dean's motion for appointment of counsel is also denied.

No. 15-40678

The district court's partial dismissal of Dean's complaint as frivolous and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g).  *See* § 1915(g).  This court's dismissal of Dean's appeal as frivolous counts as an additional strike.  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Dean is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.